Paul MATTSON and Lissa Mattson, Individually and on Behalf of J.M., a Minor, Plaintiffs–Appellees,

v.

Robert K. HARRISON, Sheriff of Park County, Defendant–Appellant.

No. 96CA1243.

Colorado Court of Appeals, Div. A.

Nov. 7, 1996.

Dixon and Snow, P.C., Jerre W. Dixon, Steven Janiszewski, Denver, for Plaintiffs–Appellees.

White and Steele, P.C., John M. Palmeri, Claire M. Diaz, Denver, for Defendant–Appellant.

Opinion by Judge CRISWELL.

Paul Mattson and Lissa Mattson, both individually and on behalf of J.M., a minor, have moved to dismiss this appeal brought by Robert K. Harrison, sheriff of Park Coun-

ty. They assert that the trial court order denying the sheriff's motion to dismiss under the Colorado Governmental Immunity Act (GIA), § 24–10–101, et seq., C.R.S. (1988 Repl.Vol. 10A) is not immediately appealable. We agree and dismiss the appeal without prejudice.

The amended complaint in this matter alleged that Harrison's conduct in hiring, training, and supervising a deputy (who allegedly engaged in improper conduct with the minor) was willful and wanton. Harrison filed a motion to dismiss, asserting immunity under the GIA. The trial court conducted an evidentiary hearing and, ruling that Harrison's conduct was willful and wanton, denied his motion to dismiss.

The issue before us is whether a pre-trial order determining that a public employee is not immune from liability under the GIA resolves an issue of sovereign immunity, so that an interlocutory appeal of that order is permissible under § 24–10–118(2.5), C.R.S. (1996 Cum.Supp.). We conclude that such resolution does not implicate any issue of sovereign immunity.

The GIA establishes a public entity's immunity from suit in any action sounding in tort, or which could sound in tort, except in one or more of those circumstances specified in § 24–10–106(1), C.R.S. (1996 Cum.Supp.).

In contrast, § 24–10–118(2)(a), C.R.S. (1996 Cum.Supp.) grants no immunity to any public employee in any action resulting from any of the circumstances specified in § 24–10–106(1). However, the employee is granted immunity for acts or omissions occurring during the performance of the employee's duties, under other circumstances, unless the employee's act or omission causing injury was "willful and wanton." Section 24–10–118(2)(a).

Finally, § 24–10–108, C.R.S. (1996 Cum. Supp.) authorizes a public entity, and § 24–10–118(2.5) authorizes an employee to take an interlocutory appeal from a trial court's determination of "the issue of sovereign immunity."

However, in *Lakewood v. Brace*, 919 P.2d 231 (Colo.1996), our supreme court determined that an employee's immunity from lia-

bility for actions not involving circumstances described in § 24–10–106(1), in which it is alleged that the employee has acted willfully and wantonly, does not involve a question of sovereign immunity. Rather, it held that the immunity granted to employees for such actions is immunity from liability only, and such immunity must be raised as an affirmative defense. Such immunity is not a bar to the suit itself.

Hence, because § 24–10–118(2.5) allows an interlocutory appeal only from a pre-trial determination of an issue involving sovereign immunity, and because the question whether an employee's act or omission was willful or wanton presents no such issue, no interlocutory appeal can lie from such a pre-trial determination.

The appeal is dismissed, without prejudice, for lack of jurisdiction.

METZGER and ROY, JJ., concur.