**CITY AND COUNTY OF DENVER, a municipal corporation; and Public Safety Review Commission, a commission of the City and County of Denver, Plaintiffs–Appellants,**

v.

**Scott BLATNIK and Jerome Powell, Defendants–Appellees.**

**No. 00CA0451.**

Colorado Court of Appeals, Div. IV.

April 12, 2001.

J. Wallace Wortham, Jr., City Attorney, Stan M. Sharoff, Assistant City Attorney, Denver, CO, for Plaintiffs–Appellants.

Bruno, Bruno & Colin, P.C., Dave J. Bruno, Stacey E. Nickolaus, Denver, CO, for Defendant–Appellee Scott Blatnik.

Hamilton and Faatz, P.C., Michael E. Gurley, Gregory W. Smith, Christopher J.W. Forrest, Megan M. Kelly, Denver, CO, for Defendant–Appellee Jerome Powell.

Opinion by Judge RULAND.

Plaintiffs, the City and County of Denver (City) and the Public Safety Review Commission (PSRC), appeal from the trial court's order awarding attorney fees to defendants, Scott Blatnik and Jerome Powell, police officers for the City. We reverse.

Plaintiffs filed this action against defendants, seeking declaratory and injunctive relief to determine whether defendants properly asserted their Fifth Amendment privilege against self-incrimination in an investigative hearing conducted by the PSRC. Specifically, the PSRC had subpoenaed Blatnik to question him regarding a fatal shooting. Powell was subpoenaed to answer questions regarding allegations that excessive force was used in arresting a suspect for drunk driving.

The trial court ruled that defendants had to answer the questions, and they appealed. A division of this court reversed, concluding that defendants were entitled to assert their Fifth Amendment privilege. The case was remanded to the trial court for consideration of defendants' counterclaims for attorney fees and costs. *City & County of Denver v. Powell*, 969 P.2d 776 (Colo.App.1998).

Upon remand, defendants moved for summary judgment, arguing that they were entitled to an award of attorney fees under the indemnity provisions of the Colorado Governmental Immunity Act (GIA), § 24–10–101, et seq., C.R.S.2000, and the Liability of Peace Officers Act (LPOA), § 29–5–111, C.R.S. 2000. In combination, the fees requested by defendants exceeded $100,000.

The trial court awarded defendants the full amount of their request, concluding that they were entitled to attorney fees under both the GIA and the LPOA. This appeal followed.

## I.

■ Initially, we reject defendants' contention that the record is insufficient to permit review of the issues raised on appeal. This contention is based on the fact that the record does not include a bench ruling apparently addressing attorney fees by a judge previously assigned to the case.

■ However, the written orders entered by the current judge assigned to the case are included in the record. That judge determined the amount of fees that defendants were entitled to receive in a written order and then certified that determination as final under C.R.C.P. 54(b). Defendants do not contend that these orders are insufficient for purposes of our review, nor do we find them to be so. And, our review of the court's order is *de novo* in any event, because issues of statutory construction are dispositive of this appeal. *See Fogg v. Macaluso*, 892 P.2d 271 (Colo.1995).

## II.

Plaintiffs contend that the GIA and the LPOA provide indemnification for the attorney fees incurred by public employees only for tort actions or for claims that could have been asserted against defendants as tort claims. Because the action plaintiffs filed seeking declaratory and injunctive relief was not such an action, they argue that the trial court erred in its ruling. We agree.

### A. GIA

With reference to indemnification for attorney fees, the GIA currently provides that:

A public entity shall be liable for:

(a) The costs of the defense of any of its public employees, ... where the claim against the public employee arises out of *injuries* sustained from an act or omission of such employee occurring during the performance of his duties and within the scope of his employment, except where such act or omission is willful and wanton....

Section 24–10–110(1), C.R.S.2000 (emphasis added); *see also* § 24–10–110(1.5), C.R.S. 2000.

However, the GIA was substantially amended in 1986, and those amendments are relevant here. *See City of Aspen v. Meserole*, 803 P.2d 950 (Colo.1990). The "Declaration of policy" was modified to provide that:

The general assembly also recognizes the desirability of including within one article all the circumstances under which ... the public employees ... may be liable in actions *which lie in tort or could lie in tort*

regardless of whether that may be the type of action or the form of relief chosen by a claimant. . . .

Colo. Sess. Laws 1986, ch. 166, § 24–10–102 at 874 (amendment emphasized). Also, as a result of the 1986 amendments, the specific definition of "injury" is:

death, injury to a person, damage to or loss of property, of whatsoever kind, which, if inflicted by a private person, *would lie in tort or could lie in tort regardless of whether that may be the type of action or the form of relief chosen by a claimant.*

Colo. Sess. Laws 1986, ch. 166, § 24–10–103(2) at 874 (amendment emphasized).

In interpreting the GIA, we must, as always, give effect to the intent of the General Assembly. *State v. Nieto,* 993 P.2d 493 (Colo.2000). We determine that intent first from the statutory language used and in accordance with the plain and ordinary meaning of that language. *See Fogg v. Macaluso, supra.* And, we must also construe all of the related provisions of the Act together in order to give effect to the legislative intent. *See Board of Medical Examiners v. Duhon,* 895 P.2d 143 (Colo.1995).

Applying those rules of statutory construction here, we conclude that the trial court was not correct in its interpretation of the GIA. Reading the definition of "injury" contained in § 24–10–103(2) into the indemnification provisions of § 24–10–110 as we must, we agree with plaintiffs that the GIA was intended to apply when the claimant seeks redress from injuries that result from tortious conduct. In this case, however, plaintiffs initiated a declaratory judgment proceeding seeking to determine only whether defendants were obligated to respond to questions before an investigative body. There are no claims for recovery for an injury as that term is defined in the GIA. Accordingly, we hold that the GIA does not extend indemnification to defendants for their attorney fees under these circumstances.

### B. LPOA

We also conclude that the trial court erred in ruling that defendants were entitled to their attorney fees under § 29–5–111. As relevant here, that section provides that the City "shall indemnify its paid peace officers . . . for any liability incurred by them and for any judgment, except a judgment for exemplary damages, entered against them *for torts committed within the scope of their employment.*" Section 29–5–111(1), C.R.S. 2000 (emphasis added).

Applying the plain meaning rule once again, we hold that the indemnification authorized by the statute is limited to any liability incurred by these defendants and for any judgment entered against them for "torts committed within the scope of their employment." Here, as discussed, plaintiffs' claim may not be so characterized.

In light of this disposition, we do not address plaintiffs' remaining contentions.

The order is reversed.

DAVIDSON and KAPELKE, JJ., concur.