**Taylor RICHARDSON, by and through her next best friend, Amy RICHARDSON, Plaintiff–Appellee,**

v.

**Rachael STARKS and Denver Public Schools, Defendants–Appellants.**

No. 00CA1583.

Colorado Court of Appeals, Div. I.

July 19, 2001.

Certiorari Denied Nov. 19, 2001.

The Law Offices of James J. Peters, James J. Peters, Denver, CO, for Plaintiff–Appellee.

Semple, Miller & Mooney, P.C., Patrick B. Mooney, Elizabeth J. Hyatt, Denver, CO, for Defendants–Appellants.

Opinion by Judge DAVIDSON.

Defendants, Rachael Starks and Denver Public Schools (DPS), appeal from the trial court's denial of their motion seeking dismissal, for lack of subject matter jurisdiction, of the complaint brought by plaintiff, Taylor Richardson, by and through her next best friend, Amy Richardson. We dismiss the appeal in part, reverse in part, and remand with directions.

In her complaint, plaintiff alleged that she was injured when another student assaulted her on the playground of her elementary school during gym class. Plaintiff alleged that Starks, who was the principal of the elementary school, was negligent in failing to supervise and in failing to protect her from the other student. Plaintiff sought to impose liability on DPS through the doctrine of *respondeat superior.*

Defendants moved to dismiss plaintiff's complaint under C.R.C.P. 12(b)(1) for lack of subject matter jurisdiction under the Colorado Governmental Immunity Act (GIA), § 24–10–101, et seq., C.R.S.2000, and C.R.C.P. 12(b)(5), for failure to state a claim for relief. Defendants argued that plaintiff's claims did not fall within any of the provisions for which immunity was waived under the GIA. Defendants also argued that plaintiff's claim against Starks must be dismissed because plaintiff failed to allege a specific factual basis for her claim that Starks had acted willfully and wantonly.

In response, plaintiff argued that defendants owed a duty to her because the incident occurred on school grounds. Plaintiff also argued that an exception to the immunity provided by the GIA exists when there is a special relationship between a public entity and a plaintiff. Plaintiff further argued that the allegations of the complaint were sufficient to show that the acts or omissions of Starks were willful and wanton.

Relying on the supreme court's decision in *Jefferson County School District R–1 v. Justus,* 725 P.2d 767 (Colo.1986), the trial court found that there was "an apparent exception to the sovereign immunity doctrine made for claims arising out of the school district's failure to protect children in its custody from the negligence of third parties, or for a school district's failure to perform duties of care voluntarily assumed by it." Accordingly, the court found that there was no jurisdictional bar as to plaintiff's claims against the school district.

With regard to plaintiff's claims against Starks, the court found that she was aware of the other student's hostility toward plaintiff, that she had promised that the prior incidents would not occur again, but that she failed to act to make good on her assurances. The court concluded that plaintiff's allegations were sufficient to suggest that Starks had acted willfully and wantonly in conscious disregard of the probability of injury to

plaintiff. Defendants then brought this interlocutory appeal.

### I.

Defendants contend that the trial court erred in applying an exception to governmental immunity not set forth in § 24–10–106(1), C.R.S.2000. We agree.

Section 24–10–105, C.R.S.2000, provides that both public entities and public employees shall not be liable for actions that lie in tort or could lie in tort, except as provided in the GIA.

Section 24–10–106(1) sets forth six categories under which a public entity's immunity may be waived. These six waiver provisions are also applicable to claims against a public employee. *See* § 24–10–118(2)(a), C.R.S. 2000.

■ Here, it is not disputed that plaintiff's negligence claims "lie in tort or could lie in tort." In addition, plaintiff does not argue that her action falls within one of the waiver provisions expressly set forth in § 24–10–106(1). Rather, as determined by the trial court, plaintiff contends that the school district's immunity was waived because it had a duty to protect children in its custody from the negligence of third parties and because it failed to perform duties voluntarily assumed by it. We do not agree.

In *State Department of Highways v. Mountain States Telephone & Telegraph Co.,* 869 P.2d 1289 (Colo.1994), the supreme court addressed whether a public entity's violation of a statute requiring notice prior to excavation gave rise to an action against the public entity for damages. The court concluded that the statute should not be construed as waiving the immunity conferred in the GIA.

Additionally, the court held that the language of the GIA was clear and unequivocal and manifested an intent by the General Assembly to confine the circumstances in which sovereign immunity may be waived for tort actions to the waiver provisions specified therein. Thus, the court concluded that even if a duty was imposed upon a public entity pursuant to a statute, the public entity was liable for a breach of that duty "only if first it is determined that sovereign immunity is waived for the activity in question." *State Department of Highways v. Mountain States Telephone & Telegraph Co., supra,* 869 P.2d at 1292; *see also Aztec Minerals Corp. v. Romer,* 940 P.2d 1025 (Colo.App.1996) (holding that none of the provisions waiving immunity under the GIA either explicitly or implicitly waives sovereign immunity for the negligence of the state in issuing a point source discharge permit).

■ Therefore, we agree with defendants that the existence of a special relationship, by itself, does not operate as a waiver of immunity under the GIA. Rather, such a relationship creates a duty that may subject defendants to liability only if it is first determined that defendants' sovereign immunity is waived for the activity in question. *See State Department of Highways v. Mountain States Telephone & Telegraph Co., supra; State v. Moldovan,* 842 P.2d 220 (Colo.1992)(holding that the state was liable under the Colorado Fence Law only after determining that the action fell within one of express waiver provisions set forth in the GIA).

Moreover, *Jefferson County School District R–1 v. Justus, supra,* does not hold differently. In *Justus,* the supreme court decided that a school district may assume duties of care toward a student by voluntarily undertaking certain actions. However, the facts in *Justus* arose six years prior to the 1986 amendments to the GIA. Thus, although the court referenced the GIA in a footnote, it only noted that the General Assembly had added a new section that limited the liability of public entities under an assumed duty theory. The court did not analyze whether there was a waiver of sovereign immunity for the activity in question.

Therefore, because none of the waiver provisions listed in the GIA waives sovereign immunity for defendants' alleged negligence in this action, we conclude that the trial court erred in failing to dismiss plaintiff's claims to the extent the court relied on a waiver of such immunity.

### II.

■ Defendant Starks contends that the trial court erred in determining that the com-

plaint adequately set forth a claim based on willful and wanton conduct. However, we do not have jurisdiction to consider this contention.

Sections 24–10–105 and 24–10–118, C.R.S. 2000, set forth a public employee's immunity with respect to actions for injuries caused by that employee's acts or omissions.

Section 24–10–105 provides that "no public employee shall be liable for injuries arising out of an act or omission occurring during the performance of his duties and within the scope of his employment, unless such act or omission was willful and wanton, except as provided in this article."

Section 24–10–118(2)(a), C.R.S.2000, in turn provides that:

A public employee shall be immune from liability in any claim for injury ... which lies in tort or could lie in tort ... which arises out of an act or omission of such employee occurring during the performance of his duties and within the scope of his employment unless the act or omission causing such injury was willful and wanton; except that no such immunity may be asserted in an action for injuries resulting from the circumstances specified in section 24–10–106(1).

In *City of Lakewood v. Brace*, 919 P.2d 231 (Colo.1996), the supreme court interpreted the GIA to provide a public employee with qualified immunity for torts committed within the scope of employment and not otherwise included in the categories in which sovereign immunity is waived under § 24–10–106(1). The court also noted that the employee loses that qualified immunity if the employee's act was willful and wanton.

The court in *Brace* further determined that, assuming there were a well-pled claim and a disputed issue of material fact, an allegation that the employee's conduct was willful and wanton must be decided at trial. The court reasoned that, under § 24–10–118(2)(a), an employee's qualified immunity is immunity from liability, not immunity from suit. As such, qualified immunity is not a jurisdictional issue of sovereign immunity, but rather, an affirmative defense that can be raised by the public employee. Thus, unlike

§§ 24–10–108 and 24–10–118(2.5), which govern public entities' and public employees' sovereign immunity from suit, § 24–10–118(2)(a) does not provide for interlocutory appeal of an employee's qualified immunity claim. *See also Mattson v. Harrison*, 929 P.2d 41 (Colo.App.1996)(citing *Brace*, court held that because the question whether an employee's act or omission was willful or wanton did not present an issue of sovereign immunity, no interlocutory appeal could lie from such a pretrial determination); *but see Barham v. Scalia*, 928 P.2d 1381 (Colo.App.1996)(reviewing, without discussion of the interlocutory posture of the appeal, the contention that the trial court erred in denying motion to dismiss because the plaintiff failed to plead a specific factual basis under § 24–10–110(5), C.R.S.2000).

Therefore, because the trial court's pretrial determination that the complaint sufficiently alleged that Starks' conduct was willful and wanton does not present an issue of sovereign immunity, we are without jurisdiction to consider it in this interlocutory appeal. *See City of Lakewood v. Brace, supra; Mattson v. Harrison, supra.*

The trial court's order is reversed as to the determination that plaintiff's claims fell within a provision waiving defendants' immunity under the GIA; Starks' appeal is dismissed without prejudice as to the trial court's determination that the complaint sufficiently alleged that her conduct was willful and wanton; and the case is remanded to the trial court with directions to dismiss plaintiff's claims against DPS and to conduct further proceedings on plaintiff's claims against Starks for alleged willful and wanton conduct.

Judge METZGER and Judge ROY concur.