This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

**vs.**                                                          **NO. 31,738**

**VIRGILIO PEREZ-VELASCO,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF SAN JUAN COUNTY**
**Thomas J. Hynes, District Judge**

Gary K. King, Attorney General
Santa Fe, NM

for Appellee

Jacqueline L. Cooper, Chief Public Defender
Karl Erich Martell, Assistant Appellate Defender
Santa Fe, NM

for Appellant

## MEMORANDUM OPINION

**GARCIA, Judge.**

Defendant appeals his convictions for criminal sexual penetration in the second degree (child 13-16), and two counts of contributing to the delinquency of a minor. We issued a calendar notice proposing to affirm. Defendant has filed a memorandum in opposition. Defendant has also filed a motion to amend the docketing statement to raise claims of ineffective assistance of counsel. For the reasons discussed below, we hereby deny Defendant's motion. We affirm.

**Motion to Amend**

Defendant has filed a motion to amend the docketing statement to add a new issue. *See* Rule 12-208(F) NMRA. In cases assigned to the summary calendar, this Court will grant a motion to amend the docketing statement to include additional issues if the motion (1) is timely, (2) states all facts material to a consideration of the new issues sought to be raised, (3) explains how the issues were properly preserved or why they may be raised for the first time on appeal, (4) demonstrates just cause by explaining why the issues were not originally raised in the docketing statement, and (5) complies in other respects with the appellate rules. *See State v. Rael*, 100 N.M. 193, 197, 668 P.2d 309, 313 (Ct. App. 1983). This Court will deny motions to amend issues raised that are not viable, even if they allege fundamental or jurisdictional error. *See State v. Moore,* 109 N.M. 119, 129, 782 P.2d 91, 101 (Ct. App. 1989), *overruled*

*on other grounds by State v. Salgado*, 112 N.M. 537, 817 P.2d 730 (Ct. App. 1991).

Here, Defendant refers us to several individual alleged instances of ineffective assistance of counsel. [MIO 11-12] Defendant's claims appear to be either not of record, or matters of strategy. Accordingly, to the extent that the claims might have merit, we believe that they are better addressed in collateral proceeding. *See Duncan v. Kerby*, 115 N.M. 344, 346, 851 P.2d 466, 468 (1993) (stating that habeas corpus proceedings are the "preferred avenue for adjudicating ineffective assistance of counsel claims").

**Memorandum in Opposition**

**Issues A, B:** Defendant continues to argue that the district court erred in allowing a SANE nurse to testify as an expert witness. [MIO 1] We review the district court's ruling for an abuse of discretion. *See State v. Worley*, 100 N.M. 720, 723, 676 P.2d 247, 250 (1984). "An abuse of discretion occurs when the ruling is clearly against the logic and effect of the facts and circumstances of the case. We cannot say the trial court abused its discretion by its ruling unless we can characterize it as clearly untenable or not justified by reason." *State v. Rojo*, 1999-NMSC-001, ¶ 41, 126 N.M. 438, 971 P.2d 829 (internal quotation marks and citation omitted).

Here, the witness provided testimony about her credentials and training that

qualified her as a registered nurse who specialized in sexual assault exams. [RP 106-07]; *see* Rule 11-702 NMRA (providing that "a witness qualified as an expert by knowledge, skill, experience, training or education may testify thereto in the form of an opinion or otherwise"). We disagree with Defendant's claim [MIO 2] that her testimony of 17 years as a registered nurse, and specially trained as a sexual assault nurse, did not qualify her as an expert. In addition, as Defendant concedes [MIO 3], Defendant did not preserve any challenge to the witness's qualification. *See State v. Varela*, 1999-NMSC-045, ¶ 25, 128 N.M. 454, 993 P.2d 1280 (discussing preservation requirement).

Defendant also continues to challenge the substance of the witness testimony. We reject the claim that her testimony violated *State v. Alberico*, 116 N.M. 156, 174, 861 P.2d 192, 210 (1993), because that case specifically stated that the expert may testify that the victim had injuries consistent with sexual assault. The witness here testified that the injuries were more than would occur with consensual intercourse. [RP 109] We also reject the claim that a registered nurse who is trained to perform sexual assault examinations is required to provide a scientific basis for her opinion independent of her generalized medical knowledge and training. *See Bustos v. Hyundai Motor* Co.*, 2010-NMCA-090, ¶ 15, 149 N.M. 1, 243 P.3d 440 (recognizing

4

propriety of applying generalized expert principles to facts at hand), *cert. granted*, 2010-NMCERT-010, 149 N.M. 65, 243 P.3d 1147.

**Issue C:** Defendant continues to claim that the district court erred in refusing to allow him to ask Victim's friend if she believed that Victim was telling the truth that she had been raped. [MIO 3] We conclude that the district court ruled appropriately because the "credibility of witnesses is to be determined by the jury, not by the witnesses." *State v. Duran*, 2006-NMSC-035, ¶ 21, 140 N.M. 94, 140 P.3d 515. Defendant was not prevented from cross-examining Victim's friend concerning her observation of the events in question [RP 112-13], but the district court properly ruled that she could not opine on Victim's credibility. *See id.*

**Issue D:** Defendant continues to argue that the district court should have compelled the State to produce cell phone records of Victim and her friend because they might have contained exculpatory evidence. [MIO 7] Defendant argued to the jury that the State never obtained the records. [RP 91] Because the State apparently was never in possession of these records, and because the records presumably were still preserved by the carrier, we believe that Defendant should have sought to obtain these records from the carrier with the court's assistance if necessary. In short, the State did not have to disclose what it did not have, and could not be accused of failing to preserve evidence that was still available.

**Issue E:** Defendant continues to claim that the prosecutor committed reversible error by failing to disclose the nurse as an expert witness. [MIO 8] *See* Rule 5-501(A)(4), (5) NMRA (stating that the state must make an initial disclosure of witnesses that the prosecution intends to call at trial and of any results of any scientific tests or experiments to the defendant and make those available for examination by the defendant). The record contradicts Defendant's claim. The nurse was listed as a SANE registered nurse on the State's witness list. [RP 54] Given the nature of the charges against Defendant, it is unreasonable to claim surprise that this witness would provide medical testimony.

For the reasons set forth above, we affirm.

**IT IS SO ORDERED.**

_____

**TIMOTHY L. GARCIA, Judge**

**WE CONCUR:**

_____

**JAMES J. WECHSLER, Judge**

_____

**LINDA M. VANZI, Judge**

6