2014 COA 38

The ESTATE OF Steven Wayne BLECK, BY Joanna CHURCHILL, Personal Representative for Steven Bleck, deceased, Plaintiff–Appellee,

v.

Jeffrey A. MARTINEZ, Defendant–Appellant.

Court of Appeals No. 12CA2637

Colorado Court of Appeals,
Div. I.

Announced March 27, 2014

Alamosa County District Court No. 12CV38 Honorable Pattie P. Swift, Judge

Bachus & Schanker, LLC, J. Kyle Bachus, Maaren L. Johnson, Denver, Colorado, for Plaintiff–Appellee

Vaughan & DeMuro, Gordon L. Vaughan, Jessica Kyle Muzzio, Colorado Springs, Colorado, for Defendant–Appellant

Opinion by JUDGE MILLER

¶ 1 Defendant, Jeffrey A. Martinez, appeals the trial court's order denying his motion to dismiss the claims of plaintiff, the Estate of Steven Wayne Bleck, by Joanna Churchill, personal representative for Steven Bleck (the Estate).

## I. Background

¶ 2 Mr. Bleck sued Officer Martinez and the City of Alamosa Police Department alleging that he was injured as a result of Officer Martinez's willful and wanton conduct. Officer Martinez moved to dismiss the complaint under C.R.C.P. 12(b)(1) and (5), claiming qualified immunity under section 24–10–118(2), C.R.S.2013. When the trial court denied the motion, he filed an appeal in this court. However, unlike determinations of governmental and sovereign immunity, the Colorado Governmental Immunity Act (CGIA), §§ 24–10–101 to –120, C.R.S.2013, does not provide for an interlocutory appeal of an order denying an employee's motion to dismiss based on qualified immunity. *City of Lakewood v. Brace*, 919 P.2d 231, 245–46 (Colo.1996) (citing section 24–10–118(2)(a)).

¶ 3 Martinez contends in this appeal that (1) there is an exception that permits an

interlocutory appeal when the facts related to alleged willful and wanton conduct are undisputed and (2) this exception enables him to appeal the trial court's denial of his motion to dismiss under C.R.C.P. 12(b)(1) and (5). We disagree and therefore dismiss the appeal for lack of jurisdiction.

## II. Facts

¶ 4 The parties do not dispute the following facts. A mental health counselor contacted the police to request that a welfare check be performed on Mr. Bleck.[1] The mental health counselor reported that Mr. Bleck, who was staying in a local hotel, was intoxicated, suicidal, and possibly armed. A team of four police officers, including Officer Martinez, entered Mr. Bleck's hotel room. The police officers could not see Mr. Bleck's hands. They told Mr. Bleck to show his hands and lie down on the floor, but he did not respond to the officers' commands. While Officer Martinez tried to place Mr. Bleck in protective custody, his firearm discharged, shooting Mr. Bleck in the hip.

## III. Procedural History

¶ 5 Mr. Bleck sued Officer Martinez and his employer, the City of Alamosa, in the United States District Court for the District of Colorado under 42 U.S.C. § 1983 (2014). Mr. Bleck claimed Officer Martinez used excessive force against him in violation of the Fourth Amendment, and he also claimed that the City of Alamosa had inadequately trained and supervised Officer Martinez about the use of force in dealing with mentally ill people. In addition, Mr. Bleck alleged a state law claim for battery against Officer Martinez in his individual capacity. The federal district court dismissed Mr. Bleck's federal claims, and declined to exercise jurisdiction over the battery claim. *Bleck v. City of Alamosa*, 839 F.Supp.2d 1149, 1152 (D.Colo. 2012), *aff'd in part, rev'd in part, and remanded*, 540 Fed.Appx. 866 (10th Cir.2013). On appeal, the Tenth Circuit Court of Appeals affirmed the District Court's dismissal of the Fourth Amendment claim against Offi-

cer Martinez, concluding that he could not be found to have violated clearly established Fourth Amendment seizure law and that he was therefore entitled to qualified immunity on that claim. 540 Fed.Appx. at 871. The court also remanded the claim against Alamosa alleging inadequate training/supervision for further proceedings. *Id.* at 877.

¶ 6 Mr. Bleck thereafter filed a battery claim against Officer Martinez in the state district court. Officer Martinez moved to dismiss the claim under C.R.C.P. 12(b)(1) and 12(b)(5), arguing that he is immune under the CGIA. Officer Martinez also contended that Mr. Bleck's claim that Officer Martinez acted in a willful and wanton manner was precluded because the federal district court, in its order addressing alleged Fourth Amendment violations, had previously held that Officer Martinez accidentally discharged his weapon.

¶ 7 The trial court denied Officer Martinez's motion to dismiss, holding that (1) it would not decide the issue of immunity before trial under C.R.C.P. 12(b)(1) because there were disputed factual issues concerning whether Officer Martinez had acted willfully and wantonly and (2) Mr. Bleck had sufficiently pleaded willful and wanton conduct to state a claim.

## IV. Jurisdiction

¶ 8 Sovereign immunity generally provides a "bar" to tort actions against public entities, § 24–10–108, C.R.S.2013, and public employees, except in specified circumstances where sovereign immunity has been waived. § 24–10–118(2.5). The issue of sovereign immunity is jurisdictional and therefore may be determined by the trial court before trial on a C.R.C.P. 12(b)(1) motion. *Gallagher v. Bd. of Trs. for Univ. of N. Colo.*, 54 P.3d 386, 394–95 (Colo.2002). A district court's grant or denial of a pretrial motion asserting sovereign immunity is a final judgment, subject to interlocutory appeal. *See* §§ 24–10–108 (public entity), 24–10–118(2.5) (public employee); *Brace*, 919 P.2d at 243.

---

**1.** Mr. Bleck died during the pendency of this appeal on June 14, 2013. The Estate has been substituted as plaintiff-appellee.

¶ 9 However, if a well-pleaded [2] complaint alleges that a public employee's conduct was willful and wanton, the defendant is entitled to only qualified immunity under section 24–10–118(2), C.R.S.2013. The terms of this subsection provide for "immun[ity] from liability" rather than a bar to suit. Under these circumstances, the public employee merely has a defense that can be defeated at trial if it is proven that he or she acted willfully and wantonly. *Brace,* 919 P.2d at 245–46. A trial court's determination of a C.R.C.P. 12(b) motion challenging whether an employee's conduct was willful and wanton is not subject to interlocutory appeal. *Id.* at 245; *see also Gallagher,* 54 P.3d at 394–95.

¶ 10 In *Gallagher,* the supreme court provided examples demonstrating the distinction between sovereign immunity and qualified immunity for public employees. If a public employee seeks dismissal of a claim by arguing that the challenged conduct occurred within the scope of his or her employment, that issue is jurisdictional, it may be decided on a C.R.C.P. 12(b)(1) motion to dismiss, and the trial court's ruling on the motion is a final judgment subject to interlocutory appeal. *Gallagher,* 54 P.3d at 395. However, where the public employee's motion challenges whether the conduct at issue was willful and wanton, the motion does not raise a jurisdictional issue cognizable under C.R.C.P. 12(b)(1) and is not subject to immediate appeal. *Id.*

¶ 11 In his motion to dismiss, Officer Martinez relied on the provision of the CGIA addressing qualified immunity, section 24–10–118(2)(a). His arguments were focused on the issue of willful and wanton conduct and whether Mr. Bleck's claim that Officer Martinez acted willfully and wantonly was precluded by the rulings in the federal proceedings. While the district court's order notes that Officer Martinez sought a dismissal for lack of subject matter jurisdiction, the court held that Mr. Bleck's allegations of willful and wanton conduct were well pleaded and precluded the court from addressing the

issue of immunity in the context of a C.R.C.P. 12(b)(1) motion.

¶ 12 Officer Martinez contends that the trial court's denial of the motion to dismiss is immediately appealable because he filed it under C.R.C.P. 12(b)(1). That rule, however, by its terms, applies only to a defense of "[l]ack of jurisdiction over the subject matter." Sovereign immunity is a jurisdictional question, presents an absolute bar to suit, and prevents a court from exercising subject matter jurisdiction over the suit. *Gallagher,* 54 P.3d at 394 (citing *Brace,* 919 P.2d at 245–46). The supreme court has explained that when a plaintiff claims that a public employee acted willfully and wantonly, the issue becomes one of qualified immunity, which "is only a defense to liability and does not bar suit entirely." *Id.* Thus, "because qualified immunity is not a bar to suit, the trial court may not decide the issue on a C.R.C.P. 12(b)(1) motion." *Id.* As a result, Officer Martinez's motion was not properly brought under C.R.C.P. 12(b)(1).

¶ 13 In his reply brief, Officer Martinez concedes that generally a determination of immunity based on alleged willful and wanton conduct must be decided at trial, but asserts that *Brace* "provides an important exception." The claimed exception would "allow[ ] an interlocutory appeal where there are no disputed issues of fact material to the allegation of the public employee's willful and wanton conduct." *Brace,* however, does not say that.

¶ 14. Officer Martinez points to language in *Brace* that a determination of willful and wanton conduct "is not susceptible to resolution at an early stage in the litigation process before significant discovery has been undertaken *unless there are no disputed issues of fact.*" *Brace,* 919 P.2d at 246 (emphasis added). This statement is true of any fact-based standard for or element of a claim or defense in any civil case—such an issue must be decided at a trial unless it can be resolved by summary judgment based on a lack of disputed issues of material fact.[3]

---

**2.** *See* § 24–10–110(5), C.R.S.2013 (requiring the pleading of a specific factual basis of a claim for a willful and wanton act or omission by a public employee).

**3.** Without the court's undisputed facts caveat,

*Brace* does not say that if the facts concerning a public employee's alleged willful and wanton conduct are undisputed, or are claimed to be so, (1) the nonjurisdictional defense of qualified immunity is converted into the jurisdictional defense of sovereign immunity; (2) the issue may then become the subject of C.R.C.P. 12(b)(1) motion; or (3) a denial of the public employee's motion to dismiss on that ground is immediately appealable.

¶ 15 Officer Martinez cites several decisions by divisions of this court as support for the claimed exception. None of the cited cases, nor any other reported decision of which we are aware, holds that a public employee may immediately appeal a district court's denial of a C.R.C.P. 12(b)(1) or (5) motion where there are no disputed issues of fact regarding alleged willful and wanton conduct.

¶ 16 The only decision containing language that might support such an argument is *Gray v. Univ. of Colo. Hosp. Auth.*, 284 P.3d 191, 200 (Colo.App.2012), which stated, "[a]s *Brace* recognized, because [the defendant's] acts or omissions are alleged to have been willful and wanton, the [defendant] does not enjoy *immunity from suit* as long as there are disputed issues of fact." (Emphasis added.) This language, taken in isolation, may suggest that once a defendant establishes that there are no disputed issues of fact related to willful and wanton conduct, the defense becomes jurisdictional.

¶ 17 However, we are not persuaded by the brief statement in *Gray*. First, *Gray* involved an appeal by the plaintiff, not the public employee defendants, from a final judgment of the trial court *granting* the defendants' motion to dismiss. Thus, the division did not have before it, and did not consider, any question regarding whether the defendants had the right to an interlocutory appeal, and the statement is dictum. Second, the statement represents only a few lines on a collateral point in a lengthy and complex opinion. There is no discussion or

analysis other than a citation to the *Brace* decision, which we have previously explained does not bestow a right of interlocutory appeal on public employees claiming qualified immunity. Third, Officer Martinez's reading of the language in the opinion is at odds with the express language in section 24–10–118(2)(a) that "[a] public employee shall be *immune from liability* ... unless the act or omission causing [the alleged] injury was willful and wanton." *See also Brace*, 919 P.2d at 245 ("Under the clear terms of [section 24–10–118(2)(a)], which provides immunity from liability, an employee's qualified immunity is not immunity from suit."). As the supreme court explained in *Brace*, "section 24–10–118(2)(a) does not provide for interlocutory appeal of an employee's qualified immunity claim." *Id.*

¶ 18 Accordingly, we do not read *Gray* to hold that a public employee's assertion of undisputed facts converts a claim of qualified immunity from liability under section 24–10–118(2)(a) into one of sovereign immunity from suit and thereby entitles the employee to a right of interlocutory appeal.

■ ¶ 19 Finally, Officer Martinez asserts that Mr. Bleck failed to plead with sufficient specificity the factual basis for the alleged willful and wanton conduct, as required by section 24–10–110(5)(b), C.R.S. 2013. That statute provides that the failure to plead the factual basis for willful and wanton conduct "shall result in dismissal of the claim for failure to state a claim upon which relief can be granted." Applying this standard, the district court concluded that Mr. Bleck had adequately pleaded that Officer Martinez acted willfully and wantonly. The "trial court's determination that a complaint adequately sets forth a claim based on willful and wanton conduct is not reviewable in an interlocutory appeal." *Awad v. Breeze*, 129 P.3d 1039, 1045 (Colo.App.2005); *accord Richardson v. Starks*, 36 P.3d 168, 170–71 (Colo.App.2001) (court of appeals lacks jurisdiction to consider, in an interlocutory appeal, a contention that the trial court erred in

parties could argue that the issue of willful and wanton conduct could not be the subject of a motion for summary judgment. A denial of a motion for summary judgment is not an appeal-

able interlocutory order. *Feiger, Collison & Killmer v. Jones*, 926 P.2d 1244, 1250 (Colo. 1996); *Sierra Club v. Billingsley*, 166 P.3d 309, 315 (Colo.App.2007).

determining that a complaint adequately set forth a claim based on willful and wanton conduct); *see also Marks v. Gessler*, 2013 COA 115, ¶ 16, 350 P.3d 883, 891.

¶ 20 We therefore conclude that we lack subject matter jurisdiction to review the district court's order. *See Brace*, 919 P.2d at 245. In light of this holding, we may not consider Officer Martinez's arguments on the merits of his motion.

¶ 21 The appeal is therefore dismissed.

JUDGE TAUBMAN and JUDGE LICHTENSTEIN concur.