The summaries of the Colorado Court of Appeals published opinions
constitute no part of the opinion of the division but have been prepared by
the division for the convenience of the reader.  The summaries may not be
cited or relied upon as they are not the official language of the division.
Any discrepancy between the language in the summary and in the opinion
should be resolved in favor of the language in the opinion.

SUMMARY
November 25, 2020

## 2020COA166

**No. 20CA0980, *People v. Garcia-Gonzalez* — Crimes — Offenses Related to Marijuana and Marijuana Concentrate**

In this prosecution appeal, a division of the court of appeals
concludes that "land" — as used in section 18-18-406(3)(a)(I),
C.R.S. 2020 — excludes an enclosed, locked space on residential
property.  The division also holds that a prosecution under section
18-18-406(3)(a)(II) does not preclude prosecution under other
applicable statutes.  The division affirms the district court's order
dismissing the section 18-18-406(3)(a)(I) charge against Oel
Garcia-Gonzalez and remands for trial of the remaining charges,
including the added charge under section 18-18-406(3)(a)(II).

Court of Appeals No. 20CA0980
Pueblo County District Court No. 19CR2376
Honorable Larry C. Schwartz, Judge

The People of the State of Colorado,

Plaintiff-Appellant,

v.

Oel Garcia-Gonzalez,

Defendant-Appellee.

ORDER AFFIRMED AND CASE
REMANDED WITH DIRECTIONS

Division II
Opinion by JUDGE FOX
Román and Gomez, JJ., concur

Announced November 25, 2020

J. E. Chostner, District Attorney, Emily A. Vandenburg, Deputy District
Attorney, Pueblo, Colorado, for Plaintiff-Appellant

Cabral Law P.C., Miles Cabral, Denver, Colorado, for Defendant-Appellee

¶ 1    This People's appeal asks us to decide whether "land" — as used in section 18-18-406(3)(a)(I), C.R.S. 2020, and in the context of a marijuana grow operation — excludes an enclosed, locked space on residential property. We conclude that it does. We also hold that a prosecution under section 18-18-406(3)(a)(II) does not preclude prosecution under other applicable statutes. Accordingly, we affirm the district court's order dismissing the charge under section 18-18-406(3)(a)(I) against Oel Garcia-Gonzalez, albeit on different grounds, and remand for the prosecution to proceed as we explain.[1]

¶ 2    The district court dismissed a charge brought under section 18-18-406(3)(a)(I), while allowing a charge under section 18-18-406(3)(a)(II) to proceed. The People appeal under section 16-12-102(1), C.R.S. 2020,[2] and argue that (1) the court construed section 18-18-406(3)(a)(I) too narrowly by interpreting "land" to mean "open

---

[1] We also decide the prosecution's appeal in *People v. Sanchez-Diaz,* an unpublished companion case.
[2] Section 16-12-102(1), C.R.S. 2020, states: "The prosecution may appeal any decision of a court in a criminal case upon any question of law. Any order of a court that . . . dismisses one or more counts of a charging document prior to trial . . . shall constitute a final order that shall be immediately appealable pursuant to this subsection (1)."

space"; (2) section 18-18-406(3)(a)(V) evinces the legislature's intent to provide multiple avenues for prosecution of illicit residential marijuana grow operations; and (3) the legislative declaration accompanying HB 17-1220 expresses the lawmakers' desire to mitigate illegal marijuana cultivation on residential property, further supporting the effort to prosecute under section 18-18-406(3)(a)(I).

## I. Background

¶ 3     The Pueblo Police Department arrested Garcia-Gonzalez and Addiel Sanchez-Diaz in 2019 during the execution of a search warrant at a suspected residential marijuana grow operation. Officers found thirty-two mature marijuana plants growing in the home's detached garage. The prosecution claims that Garcia-Gonzalez informed law enforcement that he and Sanchez-Diaz were growing the marijuana for personal medical use and to sell to dispensaries. Garcia-Gonzalez claims he holds a registered medical marijuana permit and a prescription to grow up to sixty plants.

¶ 4     Garcia-Gonzalez was charged with (1) possession with intent to manufacture or distribute marijuana or marijuana concentrate, in violation of section 18-18-406(2)(b)(I), (III)(A), a class 1 drug

2

felony; (2) cultivation of marijuana, in violation of section 18-18-406(3)(a)(I), (III)(A), a class 3 drug felony; and (3) being a special offender, in violation of section 18-18-407(1)(a), C.R.S. 2020. Garcia-Gonzalez filed a motion to dismiss.

¶ 5    The district court dismissed the section 18-18-406(3)(a)(I) class 3 drug felony charge. The court also ordered that a petty marijuana-cultivation charge, under section 18-18-406(3)(a)(II) and (IV), be added. The People appeal.

## II.    Cultivation on "Land" Under Section 18-18-406(3)(a)(I)

¶ 6    The People — arguing that the legislature used "land" in section 18-18-406(3)(a)(I) to broadly include residential property, buildings, and structures — challenge the district court's more narrow interpretation of the term to mean only "open land." We agree in part but conclude that the district court's dismissal was nevertheless warranted.

### A.    Preservation and Standard of Review

¶ 7    The People's response to Garcia-Gonzalez's motion to dismiss preserved this issue.

¶ 8    We review the interpretation of statutes de novo. *See Finney v. People*, 2014 COA 38, ¶ 12. "Our goal is to give effect to the intent

3

of the legislature." *Montez v. People*, 2012 CO 6, ¶ 7.  "We accord words and phrases their plain and ordinary meaning." *Id.*  We interpret the statute within the context of its broader scheme to give consistent, harmonious, and sensible effects to all its parts.  *Martin v. People*, 27 P.3d 846, 851 (Colo. 2001).  "We . . . reject interpretations that render words or phrases superfluous, and harmonize potentially conflicting provisions, if possible."  *People v. Cross*, 127 P.3d 71, 73 (Colo. 2006).  Context and accompanying legislative policy statements can help us determine a statute's intended meaning.  *Id.*

B.      Law and Analysis

¶ 9      Colorado approved constitutional protections for the cultivation and use of medical marijuana in 2000 and recreational marijuana in 2012.  Adults twenty-one years or older may cultivate up to six plants (only three of them mature), but a patient or caregiver may grow more based on medical necessity.  *See* Colo. Const. art. 18, § 14(4)(b); *see also* § 25-1.5-106(2.5)(g)(I)(B) and (8.6), C.R.S. 2020 (limiting patient and caregiver grows).  In 2017, the General Assembly enacted HB 17-1220, now codified at section 18-18-406, to address penalties for large-scale cultivation of

4

marijuana plants in residential areas based on concern for public safety, nuisance, and the negative impacts on neighborhood property values.

¶ 10    Consistent with Colorado's Constitution, a person may grow marijuana, provided "the growing takes place in an enclosed, locked space, is not conducted openly or publicly, and is not made available for sale."  Colo. Const. art. 18, § 16(3)(b).  An "enclosed" space is "a permanent or semi-permanent area covered and surrounded on all sides."  § 18-18-102(14.5), C.R.S. 2020.  A "[l]ocked" space is one that is "secured at all points of ingress or egress with a locking mechanism designed to limit access such as with a key or combination lock."  § 18-18-102(16.5).

¶ 11    Section 18-18-406(3)(a)(I), implementing the constitutional right, states that "[i]t is unlawful for a person to knowingly cultivate, grow, or produce a marijuana plant . . . on land that the person owns, occupies, or controls."  § 18-18-406(3)(a)(I).  Violation of this statute is a level 3 drug felony if the offense involves more than thirty plants.  § 18-18-406(3)(a)(III)(A).

¶ 12    While the statute does not define "land," the term must be interpreted in harmony with the constitutional provision it

5

implements. *See Zaner v. City of Brighton*, 917 P.2d 280, 286 (Colo. 1996) (recognizing that legislation that furthers the purpose of self-executing constitutional provisions or facilitates their enforcement is permissible); *Bd. of Cnty. Comm'rs v. Vail Assocs.*, 19 P.3d 1263, 1272 (Colo. 2001) (we afford the language of constitutions its ordinary and common meaning).

¶ 13    Here, the district court construed the term "land" to mean "open land," such as farmland or unsheltered fields. Objecting to the district court's interpretation, the People argue that the legislature intended the statute to cover not only grows on open land but also grows housed in buildings, structures, or other types of residential property. Since "land" is not defined in section 18-18-406, or within article 18 of the criminal code, the People urge us to look to broader definitions of land found in civil statutes. *See, e.g.,* § 36-1-100.3(2), C.R.S. 2020; § 38-30-150(2), C.R.S. 2020.

¶ 14    Without resorting to other statutes and other interpretative tools, we first seek guidance from the immediate statutory scheme governing marijuana cultivation. *Martin*, 27 P.3d at 851. In contrast to section 18-18-406(3)(a)(I) — which makes it unlawful to grow or cultivate any amount of marijuana plants on "land" —

6

section 18-18-406(3)(a)(II)(A) makes it unlawful to grow or cultivate more than twelve marijuana plants on "residential property." "Residential property," in turn, means "a single unit providing complete living facilities for one or more persons, including permanent provisions for living, sleeping, eating, cooking, and sanitation . . . [and] includes the real property surrounding a structure." § 18-18-406(3)(c)(III).

¶ 15    Interpreting the statute within its context and giving consistent, harmonious, and sensible effects to all its parts, *see Martin*, 27 P.3d at 851, we conclude that the property surrounding a residence can be "land" as that term is used in section 18-18-406(3)(a)(I).  While a residence, including a garage, may be on that land, the residence or the garage could be an "enclosed, locked space," Colo. Const. art. 18, § 16(3)(b), where, within applicable limits, marijuana can be grown.  It makes sense, then, that "land" as used here does not contemplate an "enclosed, locked space," *id.*, where it is legal, within operative constraints, to grow marijuana. To say that the residence or the garage is the "land" would eviscerate this constitutional protection.  *See Vail Assocs.*, 19 P.3d

at 1272 (recognizing that we must afford the language of constitutions and statutes their ordinary and common meaning).

¶ 16    Concluding that section 18-18-406(3)(a)(II) alone applies, the district court dismissed the section 18-18-406(3)(a)(I) charge. Given the proffers made to the district court, we conclude that the dismissal was proper, but not for the reasons the district court employed. *See Moody v. People*, 159 P.3d 611, 615 (Colo. 2007) (recognizing that "appellate courts have the discretion to affirm . . . on any basis for which there is a record sufficient to permit conclusions of law, even though they may be on grounds other than those relied upon by the trial court").

¶ 17    But this interpretation does not tell us whether a prosecution under section 18-18-406(3)(a)(II) precludes prosecution under other statutes.

### III.    Limits on Prosecution

¶ 18    According to the prosecution, Garcia-Gonzalez was growing thirty-two marijuana plants inside a garage associated with a home in Pueblo. Given the information provided to the district court, the court correctly concluded that section 18-18-406(3)(a)(II), rather than section 18-18-406(3)(a)(I), applies. Presumably a garage would

8

qualify as an enclosed space. *But cf. People v. King*, 804 N.W.2d 911, 913-17 (Mich. Ct. App. 2011) (a locked chain-link dog kennel that was not attached to the ground and was not covered on top was not an "enclosed, locked facility" pursuant to Michigan's Medical Marijuana Act), *rev'd sub nom. on other grounds, People v. Kolanek*, 817 N.W.2d 528 (Mich. 2012). On remand, the parties can litigate whether the garage in question was locked, what defenses apply, and what penalties are appropriate.

¶ 19     Nothing in the text of section 18-18-406(3)(a)(II) immunizes a residential grow operation from potentially violating other sections of the code. In fact, section 18-18-406(3)(a)(V) provides that prosecution under section 18-18-406(3)(a)(II) "does not prohibit prosecution under any other section of the law." Where the facts so warrant, therefore, the prosecution can proceed under both subsections.

## IV.  Conclusion

¶ 20     The district court's order is affirmed for the reasons stated in this opinion. The case is remanded to the district court to allow the prosecution to proceed on the other charges, including the added charge pursuant to section 18-18-406(3)(a)(II).

JUDGE ROMÁN and JUDGE GOMEZ concur.